IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES E. WILSON, et al., | ] |
| Plaintiffs, | ] |
| v. | ] 11-CV-4154-S |
| JP MORGAN CHASE & CO., et al., | ] |
| Defendants. | ] |

### ORDER

This matter comes before the court on Defendant Financial Guaranty Insurance Company's ("FGIC") Notice of Removal, to which Defendants Sterne Agee & Leach, Haskell Slaughter Young & Rediker, and William M. Slaughter and Mark E. Ezell, join in and consent. The underlying case was filed in the Circuit Court of Jefferson County on June 17, 2008. On April 15, 2010, the plaintiffs filed the Sixth Amended Complaint, which is the operative complaint in this matter. The Sixth Amended Complaint asserts two claims for declaratory relief. Count I seeks to invalidate or modify transactions and contracts related to debt obligations issued in connection with Jefferson County, Alabama's sewer system.

On November 9, 2011, Jefferson County filed a bankruptcy petition under Chapter 9 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, in the U.S. Bankruptcy Court for the Northern District of Alabama. Jefferson County sought bankruptcy relief primarily because of debt obligations it issued in connection with the sewer system. The bankruptcy proceeding was assigned to the Honorable Thomas B. Bennett, United States Bankruptcy Judge.

1

FGIC removes the case to this court under 28 U.S.C. § 1334(b), which provides that the United States district courts "shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." If this court has jurisdiction under § 1334, 28 U.S.C. § 1452(a) allows a party to "remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending." FGIC thus asserts that Count I, seeking invalidation or modification of contracts related to Jefferson County's debt obligation, is a claim related to a case under title 11, and asserts that Count I therefore may be removed to this court.

Under 28 U.S.C. § 157(a), district courts may provide that all cases arising under title 11 shall be referred to the bankruptcy judges for the district. This court has such an order; the General Order of Reference, dated July 16, 1984, provides that "all proceedings . . . related to a case under title 11 are hereby referred to the Bankruptcy Judges for this district." Under 28 U.S.C. § 157(b), bankruptcy judges "may hear and determine all cases under title 11, and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a)." The Bankruptcy Code enumerates, in a non-exhaustive list, what constitutes "core proceedings" under § 157(b)(2). The court finds that the claims in Count I are within the scope of this list, which includes, "matters concerning the administration of the estate . . . counterclaims by the estate against persons filing claims against the estate . . . [and] determinations as to the dischargeability of particular debts . . . .," among other things.

Accordingly, this court finds removal proper under the cited provisions of the Bankruptcy Code, and pursuant to the 1984 General Order of Reference hereby REFERS this case to the Bankruptcy Court for further proceedings.

DONE and ORDERED this 15th day of December, 2011.

                                                                                        */s/ Karon O. Bowdre*
                                                                                        KARON OWEN BOWDRE
                                                                                        UNITED STATES DISTRICT JUDGE